UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ELIZABETH THIERIOT, individually and as
TRUSTEE OF THE ELIZABETH THIERIOT
REVOCABLE TRUST & THE ELIZABETH
THIERIOT REVOCABLE TRUST,

                              Plaintiffs,                                      **ORDER**
                                                                                 CV 07-5315 (TCP) (AKT)

        -against-

JASPAN SCHLESINGER HOFFMAN, LLP,
STEVEN P. EPSTEIN, LISA M. GOLDEN, ALAN
K. HIRSCHHORN, & SETH H. ROSS,

                                Defendants.
-------------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    BACKGROUND**

At the September 16, 2009 conference with counsel, I reviewed the proposed Joint Pre-Trial Order and advised the attorneys of several items that needed to be amended. *See* DE 33. I gave counsel thirty (30) days to file an Amended Joint Pre-Trial Order and that document was filed on October 16, 2009. *See* DE 34. On October 19, 2009, I met with the parties for a settlement conference, which ultimately did not achieve a resolution of this action. *See* DE 35. At that time, Plaintiffs' counsel brought up the issue that Defendants were attempting to add witnesses for the very first time by including their names in the proposed Amended Joint Pre-Trial Order. *See* DE 35. Since discovery was closed at that juncture, I advised Defendants' counsel that he would have to make a formal motion to re-open discovery since Plaintiffs' counsel would not consent to the new witnesses being added. A motion schedule was set and that motion, among others, is now before this Court.

## II. MOTIONS REGARDING THE RE-OPENING OF DISCOVERY

Prior to Defendants' filing the motion to reopen discovery, Plaintiffs' counsel moved for an order requiring the Defendants to provide an update to their Rule 26(a) disclosures as to the three individuals whom Defendants recently added to their witness list. *See* DE 36. The Amended Joint Pre-Trial Order (DE 34) listed for the first time, among Defendants' witnesses, the names of Sandy Forbes, a former paralegal at the defendant law firm, and Felix and Viktoria Sater who rented the house from Plaintiffs after the aborted real estate closing at issue here. The Amended Joint Pre-Trial Order included a notation that Plaintiffs objected to the inclusion of these witnesses. According to Plaintiffs' counsel, Defendants did not identify these witnesses in their Initial Disclosures and have continued to refuse to provide the information regarding these witnesses that is required by Rule 26(a)(1) and (3)(i). DE 36. Plaintiffs' letter motion outlines counsel's attempts to obtain information from Defendants regarding, among other things, service of an interrogatory seeking Forbes' last known address and telephone number.

When Plaintiffs' counsel was finally able to get an address from the Defendants, he personally traveled to that address only to learn that Forbes no longer lived there. *Id*. Plaintiffs' counsel asserts that he brought this information to the attention of Defendants' counsel and requested updated information which the defendant law firm would likely have in its possession or control based upon its retention of pension and/or medical plan records or otherwise. *Id*. No such information was provided, and, as a result, Plaintiffs object to Defendants' attempt to list Forbes as a trial witness. Plaintiffs argue that it is obvious that Defendants have been in touch with Forbes but still refuse to update their Initial Disclosures and interrogatory answers. *Id*. The same arguments are asserted with regard to information concerning the Saters. Ultimately,

Plaintiffs' counsel contends that the attitude and failure of defense counsel to comply with discovery obligations has impaired and impeded Plaintiffs' trial and motion preparation and counsel asks the Court to issue an order mandating the forthwith disclosure of the above information. *Id*.

Defendants filed their opposition to the motion to compel (DE 39) on November 10, 2009, one day after the three-business-days limitation for opposition to a letter motion as set forth in my Individual Practice Rules - - and the same day that they filed their motion to re-open discovery (DE 37). Plaintiffs did not file any objection to the late submission of DE 39. In his response to the motion to compel, Defendants' counsel opposes the imposition of sanctions and states that he was not acting in bad faith. DE 39 at 2. According to Defendants' counsel, when Plaintiffs' counsel requested more information on the three witnesses, he e-mailed Plaintiffs' counsel and stated that this was "one of the subjects to be covered in the motion to reopen discovery." *Id*. Defendants' counsel asserts that he does not have the address or phone number for the three witnesses and that he is only required to disclose this information under Rule 26 if it is known. Defendants' counsel then added "[s]hould the motion to reopen discovery be granted, I will supplement my disclosures as required under Rule 26." *Id*. Counsel does not cite any case law to support that position.

Defendants filed their motion to reopen discovery on November 10, 2009 – officially one day after the deadline previously set by the Court, although ECF reflects that the filing was done within several hours after midnight on November 10, 2009. *See* DE 37. In the motion to re-open, Defendants seek to add Sandy Forbes and the Saters to their witness list, along with a litigation file as an exhibit. Defendants' counsel does not deny that these witnesses were not

3

disclosed in Defendants' Initial Disclosures pursuant to Local Civil Rule 26(a) and that those Initial Disclosures have apparently never been supplemented. According to Defendants' counsel, in preparation of the *ex parte* submission for the October 19, 2009 settlement conference, he had gone over voluminous documents, including one thousand documents relating to Plaintiffs' asserted damages claim. DE 37 at 1. In the process of doing so, counsel states that he realized he had failed to include these three witnesses on the witness list for trial.

According to Defendants' counsel, Sandy Forbes is a former employee of the defendant law firm who was very involved in the real estate transaction between Plaintiffs and the contract vendees. Forbes is believed to have information supporting the position of the defendant law firm in this action. Defendants' counsel further states that Plaintiffs' counsel has been aware of Sandy Forbes and the role she played in the transaction since the beginning of this lawsuit. DE 37 at 2. Evidently, sometime in October of 2009, Plaintiffs' counsel advised Defendants' counsel that he had not been able to locate Forbes at the address given to him by Defendants and therefore had not been able to speak with her. Defendants' letter motion states that the managing partner of the defendant law firm has no other address for Forbes, but apparently, the law firm has some personal information that might assist in tracking her down. *Id.* If the motion to re-open is granted, Defendants' counsel states that he would like to make further attempts to locate Sandy Forbes, at which time he would provide such information to Plaintiffs' counsel so that Plaintiffs' counsel can make an independent determination whether Forbes should be deposed.

As to the other two added witnesses, Viktoria Sater and Felix Sater purportedly rented the subject premises from Plaintiffs for about 11 months, ending in July 2004. *Id*. The lease between Plaintiffs and the Saters included an option to purchase the premises and also obligated the Saters to pay many of the expenses of the premises. According to Defendants' counsel, the Saters also had a business relationship with Plaintiff Elizabeth Thieriot, which subsequently soured, and which apparently led Elizabeth Thieriot to sue the Saters in three different actions, all of which were eventually settled. Defendants' counsel asserts that Plaintiff Thieriot was paid $1 million as a result of the settlements. *Id*. In locating the Saters, Defendants' counsel seeks to determine whether the settlement was factored into Plaintiffs' damages calculations in the instant case. In addition, Defendants' counsel wishes to supplement his disclosures regarding the Saters' litigation file since counsel maintains that the file produced by Plaintiffs' counsel appears to be incomplete.

Finally, Defendants' counsel seeks discovery relating to the "recent amendments to Plaintiffs' damages theories and calculation." *Id*. at 5. According to counsel, "in the pretrial order, Plaintiffs increased their damage claim by almost one million dollars and included new damage theories" and these changes were communicated to Defendants' counsel by Plaintiffs' counsel while the parties were in Court for the October 19 conference. *Id.* Defendants object to these late changes and seek to be "afforded the opportunity to review these computations in detail, inspect documents related to and substantiating these new damage claims and conduct other discovery that may be appropriate."

In opposing the motion,[1] Plaintiffs' counsel asserts that Defendants' motion is filled with "mischaracterizations" and "misleading innuendo" and should be denied in its entirety. *See* DE 43. Noting that fact discovery in this case closed on June 3, 2009, after two extensions, Plaintiffs' counsel alleges a lack of due diligence on Defendants' part that is not excused. In particular, Plaintiffs' counsel maintains that Sandy Forbes was Defendants' former paralegal whom they did not disclose in their Initial Disclosures, nor at any time for more than 18 months thereafter. *Id*. Counsel points out that he requested identification of Ms. Forbes and her whereabouts by interrogatory in May 2008. After receiving Defendants' discovery responses, Plaintiffs' counsel demanded supplements to those responses, including a last known address for Ms. Forbes. According to Plaintiffs' counsel, the information was not provided until five months later, in January 2009. From that information, Plaintiffs' counsel attempted to retrieve a telephone number but was unsuccessful. Counsel confirms that he even went to the address only to find that Ms. Forbes no longer resided there. *Id.* After reporting to Defendants' counsel that he was unable to locate Forbes, Plaintiffs' counsel made inquiry of Forbes' whereabouts at the May 2009 deposition of the defendant law firm's real estate partner, Seth Ross. He states that he also spoke with Defendants' counsel about accessing the firm's pension or retirement benefit records which might have the correct address for Ms. Forbes.

---

[1] On November 10, 2009, Plaintiffs' counsel filed a letter motion seeking to dismiss Defendants' motion to re-open discovery on the grounds that the deadline set by the Court was November 9, 2009. *See* DE 38. Two days later, on November 12, 2009, Defendants' counsel filed a letter motion seeking a one-day extension of the deadline to file his letter motion and asking the Court to accept the motion. *See* DE 40. Based upon the reasons set forth in the November 12, 2009 letter of Defendants' counsel as well as those stated in DE 39, and in my discretion, I am denying Plaintiffs' motion (DE 38) and granting Defendants' motion (DE 40).

Plaintiffs' counsel also asserts that the record shows the Saters' role as witnesses was not withheld or not made clear during discovery. Prior to December 3, 2008, Plaintiffs' counsel made available to Defendants' counsel the files he was able to obtain concerning Plaintiffs' disputes with the Saters and offered to have Defendants' counsel review them at his convenience. Apparently, Defendants' counsel asked Plaintiffs' counsel to bring the documents to Plaintiff Thieriot's deposition on January 20, 2009, which he did. According to Plaintiffs' counsel, Defendants did absolutely nothing to pursue the discovery they now seek for the ten-month period afer the file was produced. *Id*. at 2.

### III. APPLICABLE STANDARD

Fed. R. Civ. P. 26(a)(1)(A) mandates that a party, without awaiting a discovery request, must provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims and defenses." Fed. R. Civ. P. 26(a)(1)(A). The Rule continues that "[t]hese disclosures must be made at or within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order." *Id.*

Further, Fed. R. Civ. P. 37(c)(1), which governs sanctions for a party's failure to make disclosure or supplement an earlier response, provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on the motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The purpose of this Rule is to prevent one party from "sandbagging" an opposing party with new evidence. *Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000).

"Despite the mandatory nature of Rule 37(c)(1), the Second Circuit has held that preclusion is a discretionary remedy, even if the trial court finds that there is no substantial justification and the failure to disclose is not harmless." *Pal v. N.Y. Univ.,* No. 06-CV-5892, 2008 WL 2627614, at *3 (S.D.N.Y. June 30, 2008) (quoting *Design Strategy, Inc. v. Davis,* 469 F.3d 284, 297 (2d Cir. 2006)). Thus, "[t]o determine whether evidence should be precluded, a court should consider: (1) the explanation for the failure to disclose, (2) the importance of the evidence to be precluded, (3) prejudice if the evidence were not precluded, and (4) the possibility of a continuance." *DeSanti v. Deutsche Bank Trust Co. Ams., Inc.,* 05-CV-10868, 2009 WL 66351, at *4 (S.D.N.Y. Jan. 9, 2009) (citing *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006)). Although Rule 37(c) does not require a showing of bad faith, a party's bad faith may "be taken into account as part of the party's explanation for its failure to comply." *See Design Strategy*, 469 F.3d at 296.

## IV. DISCUSSION

### A. Duty To Supplement

Plaintiffs phrase their initial motion as one seeking an order requiring Defendant to supplement its earlier production pursuant to Federal Rule of Civil Procedure 26(e). Rule 26(e) provides that

> **(e) Supplementing Disclosures and Responses.**
>
> **(1)** *In General*. A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect,

> and if the additional or corrective information has not otherwise
> been made known to the other parties during the discovery process
> or in writing. . .

Fed. R. Civ. P. 26(e). Specifically, Plaintiffs maintain that Defendants have willfully withheld information concerning Sandra Forbes and should be ordered to disclose that information forthwith.

The Court is puzzled by the statement of Defendants' counsel that "[s]hould the motion to reopen discovery be granted, I will supplement my disclosures as required under Rule 26." DE 39 at 2. Federal discovery is not a barter system. Defendants have had an ongoing duty to supplement their Initial Disclosure throughout the course of this litigation. Counsel's attempt to diminish that obligation by arguing that Plaintiffs have been aware of witness Forbes since the beginning of this lawsuit is unavailing, at best. Significantly, Defendants now assert the importance of this witness – someone who was "very involved in the real estate transaction between Plaintiffs and the contract vendees" and someone who purportedly has information supporting the position of the Defendant law firm in this action. Likewise, it is difficult to understand how Defendants' counsel, exercising a minimum of due diligence, could have overlooked the inclusion of the now-important Forbes on Defendants' witness list until counsel was screening documents while preparing the amended pre-trial order – particularly in light of the multiple occasions cited by Plaintiffs' counsel on which he communicated with Defendants' counsel trying to obtain Forbes' whereabouts, including the inquiry at the deposition of Seth Ross.

Of further concern to the Court is the representation by Defendants' counsel in his motion to re-open that although the managing partner has no other address for Forbes, the law firm apparently has some personal information that might assist in tracking her down. That information should have been turned over to Plaintiffs' counsel early in the discovery process. The Court has no alternative but to conclude that Defendants either neglected their discovery obligation or made a decision, for whatever reason, to withhold that information, in violation of their duty to supplement under Rule 26. Therefore, Plaintiffs' motion to compel disclosure of that information, and any other relevant information regarding Sandy Forbes, is GRANTED. Defendants are directed to make the appropriate disclosures within ten (10) days of the entry of this Order.

**B.      Re-opening Discovery**

Essentially, Defendants wish to re-open discovery in order to add three new witnesses to the Joint Pre-Trial Order, along with a litigation file. "A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery." *Durakovic v. Bldg. Serv. 32B-J Pension Fund*, 642 F. Supp. 2d 146, 155 (E.D.N.Y. 2009); *see also Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir.1989) (denying further discovery when the party opposing summary judgment had a "fully adequate opportunity for discovery"). Courts apply the following six-part test to analyze a request to reopen discovery:

> (1) whether trial is imminent; (2) whether the request is opposed;
> (3) whether the non-moving party would be prejudiced;
> (4) whether the moving party was diligent in obtaining discovery
> within the guidelines established by the court; (5) the foreseeability
> of the need for additional discovery in light of the time allowed for

> discovery by the district court; and (6) the likelihood that the
> discovery will lead to relevant evidence.

*Pharmacy, Inc. v. Am. Pharm. Partners, Inc.*, No. CV 05-776, 2008 WL 4415263, at *3 (E.D.N.Y. Sept. 24, 2008) (citations omitted).

Regarding the first factor, the trial of this matter is not imminent. Discovery is closed and the deadline for dispositive motion practice is long passed. However, no trial date has been set and to that extent, the first factor favors the Defendants. The second factor -- whether the request is opposed -- weighs against the Defendants because Plaintiffs vigorously oppose the motion to re-open for the reasons cited at length above.

The third, fourth and fifth factors -- whether the Plaintiffs would be prejudiced, whether the moving party was diligent in obtaining discovery within the guidelines established by the court, and the foreseeability of the need for this additional discovery -- weigh against the Defendants. No supplementation was made during the lengthy discovery period. Nor did Defendants ever raise this issue until the Amended Joint Pre-Trial Order was filed. From all of the information presented by the Defendants regarding why Forbes, for example, is necessary to Defendants' case, it is reasonable to conclude that the alleged need for Forbes as a witness was foreseeable as early as the date this action was filed, or in the short term thereafter, and Defendants were not diligent in obtaining the details regarding Forbes nor in disclosing them. Defendants offer no substantive reason why they could not have engaged in the discovery they now seek before the close of discovery. *See Durakovic*, 642 F. Supp. 2d at 155 (denying motion to reopen discovery where moving party "offers no reason why she could not have engaged in the discovery she now seeks before the close of discovery"); *Gotlin v. Lederman*, 04-CV-3736, 2009

WL 2843380, at*6 (E.D.N.Y. Sept. 1, 2009) ("[A]bsent a sufficient justification for the movant's delay, the Court should decline to grant an application to reopen discovery.") (citation omitted)

The prejudice to the Plaintiffs here is the expense involved if discovery is re-opened, along with the delay in getting this case to trial. This factor weighs against the Defendants. The final factor -- the likelihood that the discovery will lead to relevant evidence -- insofar as Defendants seek information regarding Forbes favors the Defendants. Forbes is described here by both sides as a witness with first-hand knowledge of the information concerning the underlying transaction. For a time, Plaintiffs' counsel was persistently attempting to obtain information which would enable him to locate this witness. Clearly, deposing Forbes will likely lead to material and relevant evidence. The Court does not see equivalent status for the Saters. It is evident from Defendants' arguments that the Saters would be called upon to provide information relating to damages, not to any underlying liability. Defendants had ample time during the normal course of discovery to locate and depose the Saters.

Having considered all of the arguments of counsel and the applicable case law, I am GRANTING in part and DENYING in part Defendants' motion to re-open discovery. Within the next 45 days, Defendants will locate, even if an investigator is necessary to assist in the process, and produce Sandy Forbes for deposition by Plaintiffs' counsel. The cost of the deposition shall be borne by the Defendants. Forbes' name may be added to the witness list for trial. Defendants' motion to re-open discovery to add Felix and Viktoria Sater as witnesses in this case is DENIED. In light of the fact that Plaintiff's counsel has been in possession of at least a majority of the documents contained in the litigation file at issue, Defendants' motion to add the purportedly complete litigation file to the exhibits for trial is GRANTED. Defendants'

counsel shall provide Plaintiffs' counsel with immediate access to that file for purposes of inspection and copying if Plaintiffs' counsel so desires..  Because Plaintiffs' damages calculation has evolved through the course of discovery -- a common occurrence in litigation -- Defendants will be permitted to conduct a further deposition of an appropriate witness dedicated to Plaintiffs' damage calculation.  Counsel for both sides will meet and confer to agree upon the choice of witness.  That witness must be deposed within the next 45 days.

**SO ORDERED.**

Dated: Central Islip, New York
September 30, 2010

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge