UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ELIZABETH THIERIOT, individually and as
TRUSTEE of the ELIZABETH THIERIOT
REVOCABLE TRUST, and the ELIZABETH
THEIRIOT REVOCABLE TRUST,

               Plaintiffs,               07-CV-5315 (TCP)

  -against-

                                             **MEMORANDUM**
                                             **AND ORDER**

JASPAN SCHLESINGER HOFFMAN, LLP,
STEPHEN P. EPSTEIN, LISA M. GOLDEN,
ALAN K. HIRSCHHORN, and SETH H. ROSS,

               Defendants.
-----------------------------------------------------------------X
PLATT, District Judge.

Before the Court are defendants' objections to the July 2, 2012 Order issued by Magistrate Judge A. Kathleen Tomlinson (DE 71). Because defendants' objections were not timely filed, they are overruled and Magistrate Judge Tomlinson's rulings are affirmed.

## *Background*

Pursuant to the Third Amended Case Management and Scheduling Order in this case (DE 23), the parties' joint pretrial order was due by August 14, 2009. On that day, the deadline to submit the joint proposed pretrial order was adjourned until September 4, 2009 (DE dated Aug. 14, 2009). On that date and on October 16, 2009, proposed joint pretrial orders were filed (DE 31, 34). On April 30, 2012, defendants filed a proposed pretrial order (DE 69). By electronic Order dated May 2, 2012, Magistrate Judge Tomlinson directed plaintiffs to file a letter by May

10, 2012 enumerating their objections to defendants' proposed pretrial order. Plaintiffs filed their objections to defendants' proposed order (DE 70) on May 10, 2012.

Subsequently, Magistrate Judge Tomlinson held a pretrial conference and directed counsel to file a second amended joint pretrial order by July 20, 2012 (DE 71). Magistrate Judge Tomlinson's minute entry also contained other rulings with respect to defendants' proposed amended joint pretrial order and plaintiffs' objections (*see id.*). On July 19, 2012, defendants filed objections to certain rulings contained in the minute entry (DE 72).

## ***Discussion***

Pursuant to Federal Rule of Civil Procedure 72(a):

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Where a pretrial matter before a magistrate judge does not dispose of a suit or claim, his or her order becomes effective when made and therefore immediately appealable to the district court. *Sunview Condominium Ass'n v. Flexel Intern., Ltd.*, 116 F.3d 962, 965 (1st Cir. 1997) (citing 28 U.S.C. § 636(b)(1)(A)). By its plain language, Rule 72(a) requires objections to be made within fourteen (14) days of being served with a copy of the order. "Unless an objection is filed within this window of opportunity, a magistrate's order on a nondispositive matter . . . is not thereafter

reviewable on appeal."[1]  *Id.*  *See Small v. Sec'y of Health and Human Serv.*, 92 F.2d 15, 16 (2d Cir. 1989) ("We have adopted the rule that failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (citing *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

In this case, the Order at issue was filed on the Court's electronic case filing system at docket entry 71.  It did not dispose of any claims or defenses and was nondispositive.  The filing information associated with docket entry 71 indicates that the Order was filed on July 2, 2012 at 11:53 in the morning.  The notice further indicates that electronic notice of the filing was sent to plaintiffs' attorney, Theodore Steingut, and to defendants' attorney, Paul McDougal, via electronic mail at addresses given to the Court by the attorneys.  Seventeen (17) days later, on July 19, 2012, defendants filed their objections to Magistrate Judge Tomlinson's July 2, 2012 Order.  Consequently, defendants' objections were untimely.

In addition, the Court has reviewed the Order along with defendants' objections and

---

1. There is one limited exception to this rule not applicable here.  A district court may choose to modify or reject a magistrate judge's order, even in the absence of an objection.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976) ("The magistrate may do no more than propose a recommendation, and neither § 636(b) nor the General Order gives such recommendation presumptive weight. The district judge is free to follow it or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew. The authority and the responsibility to make an informed, final determination, we emphasize, remains with the judge.").

plaintiffs' responses to those objections and finds the Order is neither clearly erroneous nor contrary to law. For these reasons, defendants' objections are overruled and Magistrate Judge Tomlinson's July 2, 2012 Order is affirmed.

**SO ORDERED**.

Dated: January 12, 2013
      Central Islip, New York

/s/
Thomas C. Platt, U.S.D.J.