F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 30 2014 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ELIZABETH THIERIOT, individually and as
TRUSTEE of the ELIZABETH THIERIOT
REVOCABLE TRUST, and the ELIZABETH
THEIRIOT REVOCABLE TRUST,

                   Plaintiffs,

-against-

JASPAN SCHLESINGER HOFFMAN, LLP,
STEPHEN P. EPSTEIN, LISA M. GOLDEN,
ALAN K. HIRSCHHORN, and SETH H. ROSS,

                   Defendants.
-----------------------------------------------------------X

07-CV-5315 (TCP)

**MEMORANDUM
AND ORDER**

PLATT, District Judge:

Before the Court is plaintiffs' motion for reconsideration[1] of this Court's Order dated August 27, 2013 ("August 27 Order") (DE 82), which granted defendants' motion for reconsideration and upon reconsideration, granted summary judgment to defendants on the ground that plaintiff Elizabeth Thieriot's trust, co-plaintiff The Elizabeth Thieriot Revocable Trust, was void at its inception pursuant to New York's Estates, Powers and Trusts Law § 7-1.1.

Plaintiffs now, for the first time,[2] advise the Court that the trust instrument was created under California law and that it explicitly states that its "validity, construction and all rights hereunder shall be governed by the laws of that State." Plt. Mem. in Supp. p. 2. Plaintiff also advises the Court that the trust has contingent remaindermen, a successor trustee and other dispositions. *Id.*

Defendants oppose plaintiffs' reconsideration motion on the ground plaintiffs unilaterally

---

[1] The standard for reconsideration was set forth in the August 27 Order.

[2] As the Court noted in its August 27 Order, on page 6, footnote 1: "Who initially created, or attempted to create, the trust or made the subsequent amendments is unclear from the allegations."

attached new evidence and materials, i.e., the Trust and amendments thereto, to their moving papers, without obtaining leave of the Court. Deft. Mem. in Opp. p. 3. *See* Local Rule 6.3 (providing, in part, that in a motion for reconsideration, "no affidavits shall be filed by any party unless directed by the Court"). Despite numerous opportunities to present the trust documents, plaintiffs have repeatedly failed to do so. As defendants point out, plaintiffs fail to indicate why these papers were not attached to its opposition papers, nor do they claim that the documents are "newly discovered." *Id.* at pp. 3-4.

Plaintiff, on the other hand, contends that the Court decided defendants' motion for reconsideration on grounds other than those raised by the moving party and "[the Court] necessarily overlooked the fact that the trust was created under is [sic] governed by California law and contains contingent remaindermen and dispositions other than plaintiff Theirot." Plt. Mem. in Supp. p. 7. The Court could not, however, consider what plaintiffs failed to provide.

In any event, despite defendants' plausible arguments that plaintiffs should be foreclosed from introducing new evidence at this late juncture and without requesting leave of the Court, the Trust is named plaintiff and is integral to this case. Accordingly, the Court shall consider the Trust and its amendments.

Plaintiff has demonstrated that the trust is valid and therefore, that portion of the August 27 Order granting defendants' motion for reconsideration and upon reconsideration, granting defendants' motion for summary judgment on the ground the trust was invalid at its inception is vacated. Accordingly, the Order dated March 6, 2013 ("March 6 Order") (DE 76), which denied defendants' summary judgment motion, is the operative Order. To the extent the August 27 Order supplements the March 6 Order with respect to plaintiffs' malpractice allegations (pp. 6-9),

that portion of the August 27 Order is not vacated.

In addition, defendants request that if plaintiffs' motion for reconsideration is granted, the defects in plaintiffs' damages should be reviewed by the Court. Because this case is to be tried before a jury, defendants may make their arguments about plaintiffs' purportedly inflated damages to the jury if, as and when plaintiffs establish defendants' liability.

For the foregoing reasons, plaintiffs' motion for reconsideration is **GRANTED** and upon reconsideration, their motion is granted to the extent that the trust is declared valid and that portion of the August 27 Order granting defendants summary judgment is **VACATED**. The parties are hereby directed to file an updated pretrial order in compliance with my Individual Rules.

**SO ORDERED.**

Dated: May 30, 2014
      Central Islip, New York

                                            Thomas C. Platt
                                            Thomas C. Platt, U.S.D.J.