UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
ELIZABETH THIERIOT, individually and
as TRUSTEE of the ELIZABETH
THIERIOT REVOCABLE TRUST, and the
ELIZABETH THIERIOT REVOCABLE
TRUST,

                      Plaintiffs,                      **MEMORANDUM AND ORDER**
                                                     **07-CV-5315 (DRH) (AKT)**

       -against-

JASPAN SCHLESINGER HOFFMAN, LLP,
STEPHEN P. EPSTEIN, LISA M. GOLDEN,
ALAN K. HIRSCHHORN, and SETH H. ROSS,

                      Defendants.

---------------------------------------------------------X
**APPEARANCES:**

**For the Plaintiffs:**
**THEODORE S. STEINGUT**
One Whitehall Street, 17th Floor
New York, NY 10004
By:    Theodore S. Steingut, Esq.

**For the Defendants:**
**WALSH, MARKUS, McDOUGAL & DeBELLIS, LLP**
229 Seventh Street
Garden City, NY 11530
By:  Paul R. McDougal, Esq.

**Hurley, Senior District Judge:**

      Elizabeth Thieriot ("Thieriot" or "plaintiff") and the Elizabeth Thieriot Revocable Trust

("the Trust") (collectively "plaintiffs") commenced this action alleging malpractice claims

against the law firm Jaspan Schlesinger Hoffman, LLP, and four of its partners, Stephen P.

Epstein ("Epstein"), Lisa M. Golden ("Golden"), Alan K. Hirschhorn ("Hirschhorn"), and Seth

H. Ross ("Ross") (collectively "defendants").  On March 6, 2013, Judge Platt issued a decision

denying defendants' motion for summary judgment ("the Summary Judgment Order"). On August 27, 2013, Judge Platt granted defendants' motion for reconsideration of the Summary Judgment Order ("the First Reconsideration Order") and granted defendants' motion for summary judgment. Subsequently, on May 30, 2014, Judge Platt granted plaintiffs' motion for reconsideration of the First Reconsideration Order and vacated that order ("the Second Reconsideration Order"). On July 8, 2014, the case was transferred to this Court. Presently before the Court is defendants' motion for reconsideration of the Second Reconsideration Order. For the reasons set forth below, the defendants' motion is granted, and upon reconsideration, the Court vacates a portion of the Second Reconsideration Order as described below.

## BACKGROUND

The Court assumes familiarity with the facts and procedural history of this case as set forth in Judge Platt's prior orders.

## DISCUSSION

### I. *Legal Standard*

The decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court. *See Devlin v. Transp. Comm'ns Int'l Union,* 175 F.3d 121, 132 (2d Cir. 1999). The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995); *accord Arum v. Miller,* 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003); *see also U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.,* 182 F.R.D. 97, 100 (S.D.N.Y. 1998) (concluding that a motion for reconsideration under Local Civil Rule 6.3 "provides the Court with an opportunity to

correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice"). The moving party, however, may not repeat "arguments already briefed, considered and decided." *Schonberger v. Serchuk,* 742 F. Supp. 108, 119 (S.D.N.Y.1990); *accord Polsby v. St. Martin's Press, Inc.,* 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000); *see also Medoy v. Warnaco Employees' Long Term Disability Ins. Plan,* 2006 WL 355137 (E.D.N.Y. Feb. 15, 2006) ("The standard for . . . reconsideration is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.").

## II. Discussion

In the Summary Judgment Order, Judge Platt summarized plaintiffs' legal malpractice claim as follows:

> The gravamen of plaintiffs' legal malpractice claim is that defendant firm was negligent in the drafting of the real estate contract for the premises, failed to advise plaintiff with regard to waiving the title exceptions, failed to advise plaintiff to attend the closing given the implied obligation of good faith in all contracts and failed to advise plaintiff about resigning as the trustee of her revocable trust.

(Summary Judgment Order at 16.) Moreover:

> [p]laintiffs also complain that defendants' performance with respect to the specific performance litigation was negligent because defendants failed to: advise plaintiff of the unlikelihood of her success on the merits; interpose the lack of ownership [of the premises] defense despite researching the issue; and failed to conform the pleadings in that action to raise that defense. Plaintiffs further contend that defendants committed malpractice during the appeal of the decision against plaintiffs in the Kumar specific performance litigation by making nonmeritous arguments.

(*Id*. at 16-17.) The court denied defendants' motion for summary judgment because an issue of fact existed as to "whether the law firm's decisions to admit that E. [Thieriot] owned the

premises in her answer to the Kumar's specific performance complaint and to not raise the lack of ownership defense during the ensuing litigation were part of a reasonable strategy or if they fell below the standard of due care owed to clients by their attorneys." (*Id*. at 19.) Although the court noted that there were "innumerable outstanding issues of material fact," it did not specifically address any facts relating to any of plaintiffs' other malpractice allegations. (*Id*.)

Subsequently, in the First Reconsideration Order, the court found *sua sponte* that the Trust was invalid under New York law and determined that "any conveyance by plaintiff to the trust was void and the trust did not hold title to the property." (First Reconsideration Order at 6.) According to the court, since Thieriot and not the Trust was the owner of the property, there was no question of fact as to whether the law firm reasonably admitted as such. Moreover, at pages 6-9 of that Order the Court concluded that there were no other issues of fact as to any of plaintiffs' other malpractice claims. It therefore, reversed its previous ruling and concluded that defendants were entitled to summary judgment.

In the Second Reconsideration Order, the court, advised by the plaintiffs that the Trust was created pursuant to California law, found that the Trust was in fact valid under California law and vacated the "portion of the [First Reconsideration Order] granting defendants' motion for reconsideration and upon reconsideration, granting defendants' motion for summary judgment on the ground the trust was invalid at its inception." (Second Reconsideration Order at 2.) The court provided that the Summary Judgment Order was the "operative Order," but "[t]o the extent the [First Reconsideration Order] supplement[ed] the [Summary Judgment Order] with respect to plaintiffs' malpractice allegations (pp. 6-9), that portion of the [First Reconsideration Order] is not vacated." (*Id*. at 2-3.)

Plaintiffs "now make[] this motion for reconsideration or clarification of that order" because "certain of the malpractice allegations addressed at page[s] 6-9 of the [First Reconsideration Order] were found therein to be legally insufficient on the grounds that the trust was invalid."[1]  (Pls.' Mem. in Supp. at 1.)  Specifically, plaintiffs refer to the following language at page 7 of the First Reconsideration Order:  "Having held that the trust was invalid at its inception, the law firm's alleged failure to advise plaintiff to resign as trustee of a non-existent trust cannot form the basis of a legal malpractice claim."  Plaintiffs claim that "[g]iven that the trust is valid, this allegation should stand."  (*Id*. at 3.)  Moreover, plaintiffs contend that the language at page 9 of the First Reconsideration Order stating that plaintiffs "cannot demonstrate . . . that defendants committed malpractice by not raising the lack of ownership defense and by admitting that plaintiff, and not the trust, owned the property" is no longer accurate given the court's finding that the Trust is valid.  Plaintiffs also contend that in adhering to pages 6-9 of the First Reconsideration Order, the court "overlooked specific factual contentions" raised by the plaintiffs in their motion papers that would defeat summary judgment on plaintiffs' malpractice claims that are not based on the validity of the Trust.  (*Id*. at 3.)  Although defendants concede that the court's Second Reconsideration Order reinstates the "Ownership Defense Claim," they argue that all of the plaintiffs' other malpractice claims have been and should remain dismissed.

It seems that the language of the Second Reconsideration Order stating that pages 6-9 of the First Reconsideration Order are not vacated has caused some confusion as to which claims have been dismissed and which claims have survived.  Moreover, that language seems to

---

[1] The Court notes that plaintiffs filed their motion for reconsideration one day past the 14 day time limit provided for in Local Rule 6.3.  Plaintiffs, however, have filed an affidavit in which they attribute the reason for this delay to an internet outage.  Defendants do not claim to have suffered any prejudice due to this delay.  As a result, the Court in its discretion will excuse plaintiffs' one day delay.

contradict the operative Summary Judgment Order.  Although the Second Reconsideration Order states that the original order denying summary judgment is now the "operative Order," the subsequent language regarding pages 6-9 of the First Reconsideration Order confuses matters because it seems to result in summary judgment being granted in part as to portions of plaintiffs' malpractice claim and denied in part as to other portions of that claim.  The Court, therefore, vacates the portion of the Second Reconsideration Order stating that pages 6-9 of the First Reconsideration Order should supplement the Summary Judgment Order.  The First Reconsideration Order is hereby vacated in its entirety.  The Summary Judgment Order remains the operative order and the case shall proceed to trial.  As a result of the parties' various reconsideration motions, much time has lapsed since the matter was certified ready for trial in July of 2012.  Accordingly, the matter is referred back to Magistrate Judge Tomlinson to confirm that the matter is ready for trial.

### Conclusion

For the foregoing reasons, plaintiffs' motion for reconsideration is granted.  The First Reconsideration Order is vacated in its entirety and the Summary Judgment Order is the operative order.

**SO ORDERED.**

Dated: Central Islip, New York
     February 6, 2015

                                    _____/s/_____
                                    Denis R. Hurley
                                    United States District Judge