UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
ELIZABETH THIERIOT, individually and
as TRUSTEE of the ELIZABETH
THIERIOT REVOCABLE TRUST, and the
ELIZABETH THIERIOT REVOCABLE
TRUST,

                Plaintiffs,           **MEMORANDUM AND ORDER**
                                                          **07-CV-5315 (DRH) (AKT)**

   -against-

JASPAN SCHLESINGER HOFFMAN, LLP,
STEPHEN P. EPSTEIN, LISA M. GOLDEN,
ALAN K. HIRSCHHORN, and SETH H. ROSS,

                Defendants.

-------------------------------------------------------------X

**APPEARANCES:**

**For the Plaintiffs:**
**THEODORE S. STEINGUT**
One Whitehall Street, 17th Floor
New York, NY 10004
By:   Theodore S. Steingut, Esq.

**For the Defendants:**
**WALSH, MARKUS, McDOUGAL & DeBELLIS, LLP**
229 Seventh Street
Garden City, NY 11530
By:  Paul R. McDougal, Esq.

**Hurley, Senior District Judge:**

       Elizabeth Thieriot ("Thieriot" or "plaintiff") and the Elizabeth Thieriot Revocable Trust (collectively "plaintiffs") commenced this action alleging malpractice claims against the law firm Jaspan Schlesinger Hoffman, LLP ("Jaspan") and four of its partners, Stephen P. Epstein, Lisa M. Golden, Alan K. Hirschhorn, and Seth H. Ross (collectively "defendants") with respect to defendants' representation of plaintiffs pursuant to a sale of property located in Sands Point,

New York ("the House" or "the Property") and a related specific performance action. The Court assumes familiarity with the facts as set forth in prior orders in this case.

On October 18, 2016, the Court issued a Memorandum and Order ruling on the parties' respective motions in limine (the "October Order"). Presently before the Court is plaintiffs' motion to reconsider a portion of the October Order barring plaintiffs from seeking recovery based on lost profits it asserts were sustained in 2006 (the " 2006 Lost Profits Claim"). For the reasons set forth below, that motion is denied.

## I. *Standard of Review for Motion for Reconsideration*

The decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court. *See Devlin v. Transp. Comm'ns Int'l Union,* 175 F.3d 121, 132 (2d Cir. 1999). The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995); *accord Arum v. Miller,* 304 F.Supp.2d 344, 347 (E.D.N.Y. 2003); *see also U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.,* 182 F.R.D. 97, 100 (S.D.N.Y. 1998) (concluding that a motion for reconsideration under Local Civil Rule 6.3 "provides the Court with an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice"). The moving party, however, may not repeat "arguments already briefed, considered and decided." *Schonberger v. Serchuk,* 742 F.Supp. 108, 119 (S.D.N.Y. 1990); *accord Polsby v. St. Martin's Press, Inc.,* 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000); *see also Medoy v. Warnaco Employees' Long Term Disability Ins. Plan,* 2006

WL 355137 (E.D.N.Y. Feb. 15, 2006) ("The standard for ... reconsideration is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.").

## II. Plaintiffs' Argument

Plaintiffs argue that the Court "misapprehended the facts and Plaintiffs' theory as to damages flowing from what should have been their ability to sell the property in or about January 2006," what the Court referred to in the October Order as the 2006 Lost Profits Claim. (Pls.' Mem. in Supp. at 2.) In the October Order, the Court barred plaintiffs from seeking recovery based on this claim, ruling that it was "too speculative." (Order at 5.) Though not submitted with their original motion papers, plaintiffs now provide to the Court "expert testimony from an appraiser," Howard Morris, which was done on June 16, 2009 and sets forth the fair market value of the house in 2006. (Pls.' Mem. in Supp. at 3.) Plaintiffs claim that through this appraisal they "should be able to prove their damages" with respect to the 2006 Lost Profits Claim. (*Id.*) Left unexplained is why this appraisal was not furnished as part of the initial motion.

The Court, however need not reach the issue of whether the belatedly furnished appraisal cures the speculative nature of plaintiffs' claim as plaintiffs' reconsideration request does not form an adequate basis for reconsideration. As noted above, a "motion for reconsideration . . . provides the Court with an opportunity to [inter alia] . . . hear newly discovered evidence," *U.S. Titan, Inc.*, 182 F.R.D. at 100, i.e., "evidence that was truly newly discovered or could not have been found by due diligence." *Space Hunters, Inc. v. United States*, 500 Fed. App'x 76, 81 (2d Cir. 2012) (internal quotation marks omitted). Here, however, the expert testimony that plaintiffs submit does not meet that criteria. There is no indication that the appraisal prepared for

3

plaintiffs' attorney in 2009 was not available for inclusion with plaintiffs' prior submissions on the motions in limine. As a result, the plaintiffs' motion for reconsideration is denied.

**SO ORDERED.**

Dated: Central Islip, New York

    November 10, 2016                                             _____/s/_____

                                                                                 Denis R. Hurley

                                                                       United States District Judge